| | |
|---|---|
| THE PASTA SHOPPE, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| NOODLE, INC. ) | |
| ) | JURY DEMANDED |
| Defendant. ) | |

**COMPLAINT AND PETITION TO CANCEL**

Plaintiff, The Pasta Shoppe, LLC, hereby files this Complaint and requests that the Court immediately halt Defendant, Noodle, Inc.'s willful breach of the parties' CoExistence/Consent Agreement, attached as <u>Exhibit 1</u>, and resulting infringing use of wrongfully registered service marks. Plaintiff also requests that the Court cancel Defendant's trademark registrations, U.S. Registration Nos. 4,023,523, 4,403,610, 4,261,736, 4,096,321 and 4,105,197 (collectively the "PASTABILITIES DAILY Marks"). Attached as <u>Exhibit 2</u>.

**A. THE PARTIES**

1. Plaintiff The Pasta Shoppe, LLC ("The Pasta Shoppe"), a Tennessee limited liability company, having as its principal addresses 2728 Eugenia Avenue, Suite 102, Nashville, TN 37211-2172, sells pasta, pasta shells, pasta salad, soup mixes, sauces, condiments and other

related food items in the United States through its website, in grocery and other retail stores, for fundraising events and at trade shows.

2.  Defendant Noodle, Inc. ("Noodle"), is a New York corporation with a principal address of 311 S. Franklin St. Syracuse, NY 13202. Noodle runs a restaurant, bakery and recently expanded to sell packaged sauces, pasta, dipping oils and other related items.

### B. JURISDICTION AND VENUE

3.  Noodle reached into Tennessee by seeking to enter into a contract with The Pasta Shoppe, a Tennessee based business. Upon information and belief, Noodle also markets and sells its products to customers in this judicial district through its website, through amazon.com, and through other means.

4.  Noodle has at least minimum contacts with the State of Tennessee by seeking out, negotiating and entering into a contract in the State of Tennessee with The Pasta Shoppe, committing tortious acts in the State of Tennessee, with injury resulting to The Pasta Shoppe in this State and by transacting business in the State of Tennessee. Therefore this Court has personal jurisdiction over Noodle.

5.  Venue is proper in this Court as The Pasta Shoppe resides in this judicial district under 28 U.S.C. §1391 and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, for example, The Pasta Shoppe has suffered injury in this judicial district as a result of Noodle's wrongful actions.

6.  The Court has jurisdiction under 15 U.S.C. §1119, 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b) over the Lanham Act claims and the Petition to Cancel as they arise under federal law, and supplemental jurisdiction under 28 U.S.C. § 1367(a) over the state breach of

contract, mispresentation, infringement and unfair and deceptive trade practices claims as they arise under common law and state statutes, namely, T.C.A. § 47-25-512, et seq. and T.C.A. § 47-18-104, et. seq., respectively.

### C. NATURE OF ACTION

7. This action seeks a halt to Noodle's willful breach of a CoExistence/Consent to Use Agreement and resulting infringement upon The Pasta Shoppe's intellectual property rights.

8. By way of background, The Pasta Shoppe is owner of the mark THE WORLD IS FULL OF PASTABILITIES, incontestable U.S. Registration No. 2,211,454, for "pasta; pasta shells; and pasta salad" in International Class 30. A copy of The Pasta Shoppe's registration is attached hereto as Exhibit 3.

9. Since 1996, The Pasta Shoppe has made extensive use of THE WORLD IS FULL OF PASTABILITIES Mark on its products and has expended considerable effort and expense in developing and maintaining its rights under the Mark.

10. The Pasta Shoppe has established valuable rights in THE WORLD IS FULL OF PASTABILITIES Mark, including lawful ownership and continuing exclusive use of the mark in association with its products.

11. By virtue of the long and extensive exclusive use of THE WORLD IS FULL OF PASTABILITIES Mark and the considerable effort and expense incurred by The Pasta Shoppe in connection therewith, the public has come to identify The Pasta Shoppe as a distinctive source of pasta and related products associated with THE WORLD IS FULL OF PASTABILITIES Mark.

12. Noodle operates an Italian restaurant and bakery in Syracuse, New York and owns U.S. Registration No. 3,744,642 PASTABILITIES for "restaurant, bar and catering services" in International Class 43. Attached as <u>Exhibit 4</u>.

13. In 2010, Noodle sought to expand its operation to sell its sauces, packaged pastas, dipping sauces and salad dressings and filed Application U.S. Serial Number 77/982,241 with the United States Patent and Trademark Office, to register the mark PASTABILITIES DAILY in Class 30 for "Dipping sauces; Sauces; Spaghetti sauce; Tomato sauce; dried pasta, fresh pasta, pasta and noodles; pasta sauce; prepared pasta; salad dressings; salad sauces." The Examining Attorney rejected the Application and issued a Likelihood of Confusion Refusal under Section 2(d) of the Trademark Act, citing THE WORLD IS FULL OF PASTABILITIES Mark. <u>See</u> <u>Exhibit 2</u>.

14. After receiving the likelihood of confusion refusal, Noodle contacted The Pasta Shoppe on April 15, 2010 seeking a Consent to Registration and CoExistence Agreement.

15. Because it was concerned that potential confusion could exist if Noodle were to expand use of its existing PASTABILITIES mark or its PASTABILITIES DAILY mark into The Pasta Shoppe's market and channels of trade, The Pasta Shoppe investigated Noodle's use of its PASTABILITIES and PASTABILITIES DAILY marks by reviewing the information provided by Noodle's attorney, reviewing Noodle's website, [www.pastabilities.com](www.pastabilities.com), and checking for Noodle's attendance at trade shows.

16. In 2010, Noodle was not advertising or selling products on its website. See Screenshot from Web Archive for [www.pastabilities.com](www.pastabilities.com), attached as <u>Exhibit 5</u>.

17. Unbeknownst to The Pasta Shoppe, Noodle's president, Karyn Korteling, also owned the domain hottom.com, which she had registered in 2009, but it was not active in 2010. See WHOIS Report and Web Archive for www.hottom.com, attached as Exhibit 6.

18. Based on Noodle's representations that its sales channel was limited to its restaurant, The Pasta Shoppe gave narrow consent to Noodle's registration and use of the PASTABILITIES DAILY mark in connection with dipping sauces; dried pasta; fresh pasta; pasta; pasta and noodles; pasta sauce; prepared pasta; salad dressings; salad sauces; sauces; spaghetti sauce; tomato sauce ("the Pastabilities Daily Products"), "**so long as Noodle only sells its Pastabilities Daily Products in its Pastabilities restaurants**." See Exhibit 1 CoExistence/Consent Agreement, effective September 28, 2010, (the "Agreement") (emphasis added).

19. After the Agreement was executed and filed by Noodle in response to the Section 2(d) likelihood of confusion refusal, the Section 2(d) refusal was withdrawn. See Exhibit 2.

20. Noodle eventually received three registrations for PASTABILITIES DAILY using the Agreement as a basis for overcoming the Section 2(d) refusal, U.S Registration No. 4,023,523 for "dipping sauces; sauces; spaghetti sauce; tomato sauce"; U.S. Registration No. 4,261,736 for "pasta sauces" and U.S. Registration No. 4,403,610 for "dried pasta; fresh pasta; pasta; pasta and noodles; prepared pasta; salad dressings; salad sauces" all in International Class 30. See Exhibit 2.

21. Noodle has also filed applications and received registrations for the marks PASTABILITIES DAILY SPICY HOT TOMATO OIL, 4,105,197 and PASTABILITIES DAILY SPICY HOT TOMATO OIL & Design, U.S. Registration No. 4,096,321. See Exhibit 2.

22. Upon information and belief, in 2012, in willful violation of the Agreement and THE WORLD IS FULL OF PASTABILITIES Mark, Noodle began selling some of the Pastabilities Daily Products under the PASTABILITIES DAILY Marks at the Wegman's grocery store, where The Pasta Shoppe was already selling its products under THE WORLD IS FULL OF PASTABILITIES Mark.  See Facebook Posts and Wegman's website.  Attached as Exhibit 7.

23. Upon information and belief, in early 2013, also in willful violation of the Agreement and THE WORLD IS FULL OF PASTABILITIES Mark, Noodle began advertising some of the Pastabilities Daily Products on its www.pastabilities.com website and selling the Pastabilities Daily Products on the website www.hottom.com and amazon.com, attached as Exhibit 8, under the PASTABILITIES DAILY Marks.  See Exhibits 5, 6 & 8.

24. In the Application for U.S. Registration No. 4,403,610, after responding to a likelihood of confusion refusal with the Agreement limiting its use of the PASTABILITIES DAILY Mark to sales in its restaurants, Noodle submitted a specimen to the USPTO showing an electronic display of one of the Pastabilities Daily Products for sale on the www.hottom.com website.  See Exhibit 2.

25. At no time has Noodle contacted The Pasta Shoppe regarding its expansion of its PASTABILITIES DAILY Marks into sales beyond sales in its restaurants, even though the Agreement requires it to consult in good faith to prevent likelihood of confusion.

26. Upon information and belief, Noodle also sells the Pastabilities Daily Products under the PASTABILITIES DAILY Marks at other grocery stores or specialty markets, farmers markets and at other locations outside of its restaurants in further willful violation of the Agreement and Plaintiff's rights in its THE WORLD IS FULL OF PASTABILITIES Mark.

27. The Pasta Shoppe discovered Noodle's violation of the Agreement in early 2014. The Pasta Shoppe reviewed the Agreement, and contacted Noodle via the parties' attorneys.

28. Noodle responded stating that its current sales of The Pastabilities Daily Products fall within the scope of the Agreement because they are "associate[ed] with the restaurant". Completely disregarding its obligations under the Agreement and the scope of The Pasta Shoppe's consent, Noodle concluded that there is no violation of the Agreement. Noodle Response, attached as Exhibit 9.

29. Noodle's response strongly suggests that Noodle only sought out The Pasta Shoppe's consent in order to convince the USPTO that its trademark application should go forward, and that it did not intend to honor the agreement in light of its unilateral analysis that there is no likelihood of confusion between the marks, thus deliberately misleading The Pasta Shoppe to induce it to sign the Agreement so that Noodle could obtain registration at the USPTO, and further wrongfully receiving registration from the USPTO by responding to likelihood of confusion refusals citing THE WORLD IS FULL OF PASTABILITIES Mark with the Parties' Agreement.

30. The Pasta Shoppe relied on Noodle's misrepresentations when it executed the Agreement, and would have never consented to Noodle's use and registration of the PASTABILITIES DALY Mark had it known of Noodle's true plans for its use.

31. Unless enjoined, Noodle will continue to willfully breach the Agreement which will irreparably harm The Pasta Shoppe and cause it to suffer significant damage to its goodwill and reputation for which monetary damages will not give complete relief.

22669_00/1301/ABO-1842748_3

## COUNT I.

## Breach of Contract.

32. The Pasta Shoppe repeats and re-alleges the allegations contained in Paragraphs 1 through 31 as though fully set forth herein.

33. Noodle breached the Agreement by selling the Pastabilities Daily Products online, in grocery stores, specialty markets, famers markets and other venues outside of its restaurants.

34. As a result of this breach, The Pasta Shoppe has been irreparably damaged.

## COUNT II.

## Intentional and/or Negligent Misrepresentation.

35. The Pasta Shoppe repeats and re-alleges the allegations contained in Paragraphs 1 through 34 as though fully set forth herein.

36. Upon information and belief, at the time the Agreement was executed, Noodle planned to sell its Pastabilities Daily Products outside of its restaurants under the PASTABILITIES DAILY Marks, as evidenced by registration and ownership of the hottom.com domain.

37. Noodle intentionally, or in the alternative, negligently misrepresented facts to induce The Pasta Shoppe to sign the Agreement. The Pasta Shoppe relied on Noodle's misrepresentations, causing irreparable damage to The Pasta Shoppe.

## COUNT III.

## Federal Trademark Infringement Under the Lanham Act §32.

38. The Pasta Shoppe repeats and realleges the allegations contained in Paragraphs 1 through 37 as though fully set forth herein.

39. Noodle's aforesaid use of the PASTABILITIES DAILY Marks willfully infringes The Pasta Shoppe's rights in its federally registered mark and, therefore, is in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

40. By reason of the foregoing acts of Noodle, The Pasta Shoppe has sustained, and unless Noodle is enjoined pursuant to the Lanham Act §34, 15 U.S.C. §1116, will continue to sustain substantial injury and damage. Upon information and belief, Noodle has already or will unlawfully and wrongfully derive income and profits and has been or will be unjustly enriched as a result of the foregoing acts. Unless enjoined, the foregoing acts of Noodle will cause The Pasta Shoppe continuing irreparable harm. The Pasta Shoppe has no adequate remedy at law.

## COUNT IV.

**False Designation of Origin and Unfair Competition Under the Lanham Act §43(a).**

41. The Pasta Shoppe repeats and realleges the allegations contained in Paragraphs 1 through 40 as though set forth fully herein.

42. The foregoing acts of Noodle constitute willful false designation of origin as to products made available by Noodle and willful unfair competition, in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a).

43. By reason of the foregoing acts of Noodle, The Pasta Shoppe has sustained, and unless Noodle is enjoined pursuant to the Lanham Act §34, 15 U.S.C. §1116, will continue to sustain, substantial injury and damage. Noodle has already or will unlawfully and wrongfully derive income and profits and has been or will be unjustly enriched as a result of the ongoing acts. Unless enjoined, the foregoing acts of Noodle will cause The Pasta Shoppe continuing irreparable harm. The Pasta Shoppe has no adequate remedy at law.

## COUNT V.

**Infringement and Damage to Business Reputation under Common Law and/or Tennessee Trademark Act of 2000, TCA §47-25-501, et seq.**

44. The Pasta Shoppe repeats and realleges the allegations contained in Paragraphs 1 through 43 as though set forth fully herein.

45. The foregoing acts of Noodle constitute willful trademark infringement and damage to business reputation in violation of TCA §47-25-501, et. seq., and the common law of Tennessee.

46. By reason of the foregoing acts of Noodle, The Pasta Shoppe has sustained, and unless Noodle is enjoined pursuant to TCA §47-25-513 and/or -514, will continue to sustain, substantial injury and damage. Unless enjoined, the foregoing acts of Noodle will cause The Pasta Shoppe continuing irreparable harm. The Pasta Shoppe has no adequate remedy at law.

47. Because Noodle has violated TCA §47-25-512 and/or -513 by the foregoing acts, The Pasta Shoppe is entitled to damages, including enhanced damages, and attorney fees, pursuant to TCA §47-25-514.

## COUNT VI.

**Unfair and Deceptive Trade Practices Under TCA § 47-18-101, et seq.**

48. The Pasta Shoppe repeats and realleges the allegations contained in Paragraphs 1 through 47 as though set forth fully herein.

49. The foregoing acts of Noodle constitute unfair and deceptive trade practices forbidden by Tennessee Code Annotated §47-18-101, et seq. (the Tennessee Consumer Protection Act, hereinafter, "TCPA") in at least the following ways:

(a) Causing likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of goods and services;

(b) Causing likelihood of confusion or misunderstanding as to affiliation, connection, or association with, or certification by, The Pasta Shoppe, and

(c) Engaging in other acts or practices that are deceptive to the consumer or to any other persons.

50. By reason of the foregoing acts of Noodle, The Pasta Shoppe has sustained, and unless Noodle is enjoined pursuant to TCA §47-18-109(b), will continue to sustain, substantial injury and damage. Unless enjoined, the foregoing acts of Noodle will cause The Pasta Shoppe continuing irreparable harm. The Pasta Shoppe has no adequate remedy at law.

51. Because Noodle has violated TCA §47-18-104 by engaging in unfair or deceptive trade practices, The Pasta Shoppe is entitled to recover its damages, including up to treble damages for willful or knowing violation of the TCPA, and reasonable attorneys' fees and costs pursuant to TCA §47-18-109.

## COUNT VII.

### Petition to Cancel.

52. The Pasta Shoppe repeats and re-alleges the allegations contained in Paragraphs 1 through 51 as though fully set forth herein.

53. Noodle's U.S. Registration Nos. 4,023,523, 4,261,736, 4,403,610 are directly based on the Agreement and U.S. Registration Nos. 4,105,197 and 4,096,321 are indirectly based on the Agreement by claim of ownership of prior wrongully registered marks. Because Noodle has breached the Agreement by selling the Pastabilities Daily Products beyond the

scope of the Agreement, The Pasta Shoppe does not consent to the registrations and/or the registrations were wrongfully obtained.

54. Noodle used the Agreement to overcome a Section 2(d) likelihood of confusion refusal which clearly limits sales to its restaurants and then submitted a specimen showing use of the PASTABILITIES DAILY Marks in connection with online sales, clearly outside the parameters of the Agreement. Noodle then used the claim of ownership of its first three registrations to obtain two more registrations.

55. The Pasta Shoppe's use of its THE WORLD IS FULL OF PASTABILITIES mark long precedes Noodle's use of the PASTABILITIES DAILY Marks.

56. The goods recited in Noodle's registrations for the PASTABILITIES DAILY Marks are almost identical and are related to The Pasta Shoppe's goods for which its uses its THE WORLD IS FULL OF PASTABILITIES mark.

57. When applied to the goods recited in The Pasta Shoppe's registration, the PASTABILITIES DAILY Marks are likely to cause confusion, mistake and/or deception within the meaning of Section 2(d) of the Trademark Act, with respect to The Pasta Shoppe's use of THE WORLD IS FULL OF PASTABILITIES Mark.

58. The continued registration of PASTABILITIES DAILY Marks for use in connection with the goods in the registrations is inconsistent with The Pasta Shoppe's rights in and to THE WORLD IS FULL OF PASTABILITIES Mark, and has and will continue to cause damage to The Pasta Shoppe.

**PRAYER FOR RELIEF**

**WHEREFORE,** The Pasta Shoppe prays for the following relief:

1.  That process issue and Noodle be served with a copy of this Complaint, and that Noodle be required to file an Answer within the time prescribed by law;

2.  That Noodle, its officers, directors, agents, employees, attorneys, successors and assigns, and all others in active concert or in participation with any of them, be preliminarily and permanently enjoined from either directly or indirectly:

    (a) Using the PASTABILITIES DAILY Marks, or any confusingly similar variation thereof, in connection with dipping sauces; dried pasta; fresh pasta; pasta; pasta and noodles; pasta sauce; prepared pasta; salad dressings; salad sauces; sauces; spaghetti sauce; tomato sauce and related products;

    (b) Competing unfairly with The Pasta Shoppe by conducting business in an attempt to trade on the goodwill and business reputation of The Pasta Shoppe or misappropriating The Pasta Shoppe's exclusive rights in THE WORLD IS FULL OF PASTABILITIES or any other trademarks of The Pasta Shoppe;

    (c) Using any false designation of origin or false description or performing any act that can, or is likely to, lead members of the public to believe that any service or product of the Noodle is in any manner associated with or connected with The Pasta Shoppe, or has the same source as any of The Pasta Shoppe's products or services; and

    (d) Engaging in any unfair and deceptive trade practice detrimental to The Pasta Shoppe.

3.  That the Court issue a mandatory injunction requiring Noodle, its officers, directors, agents, employees, attorneys, successors and assigns, and all others in active concert or in participation with any of them, to give a written notice through channels of commerce in which Noodle has advertised infringing products and services, that it shall

forthwith stop offering for sale or selling services and/or products that infringe The Pasta Shoppe's intellectual property rights, and that The Pasta Shoppe is the sole and rightful owner of intellectual property rights in THE WORLD IS FULL OF PASTABILITIES mark.

4. That Noodle be required to file with this Court and serve on Plaintiff within 30 days of service of the injunction on them (or such other time as directed by the Court) a report in writing under oath setting forth in detail the manner and form in which Noodle has complied with the injunction as to Noodle and as to its officers, directors, agents, employees, attorneys, successors and assigns, and all others in active concert or in participation with any of them.

5. That the Court order Noodle to account for all profits received by Noodle, its officers, directors, agents, employees, attorneys, successors and assigns, and all others in active concert or in participation with any of them, as a result of Noodle's trademark infringement, unfair competition, and/or unfair or deceptive trade practices in connection with Noodle's use of the PASTABILITIES DAILY Marks.

6. That the Court award The Pasta Shoppe its damages, up to three times The Pasta Shoppe's actual damages and/or Noodle's profits, pre-judgment interest and reasonable costs and attorney's fees;

7. That the Court order Noodle to deliver up to the Court for impoundment and destruction all copies of documents and tangible things that contain and/or reflect infringing use of the PASTABILITIES DAILY Marks;

8. That the Court cancel Noodle's U.S. Registration Nos. 4,023,523, 4,403,610, 4,261,736, 4,096,321 and 4,105,197; and

9. That the Court grant such other and further relief that the Court deems just and proper.

**JURY DEMAND**

The Pasta Shoppe demands a jury to try all issues when joined.

CHAMBLISS, BAHNER & STOPHEL, P.C.

By: *(signature)*
John G. Jackson, Tenn. BPR No. 013840
Alicia Brown Oliver Tenn. BPR No. 018164
605 Chestnut Street, Suite 1700
Chattanooga, Tennessee 37450
Telephone: (423) 756-3000
Fax No.: (423) 265-9574
E-mail: JJackson@chamblissslaw.com
aoliver@chamblisslaw.com

*Attorneys for Plaintiff, The Pasta Shoppe, LLC*