# EXHIBIT 9

# BOND SCHOENECK & KING

One Lincoln Center | Syracuse, NY 13202-1355 | bsk.com

PHILIP I. FRANKEL, ESQ.
pfrankel@bsk.com
P: 315.218.8127
F: 315.218.8427

January 15, 2014

Alicia Brown Oliver, Esq.
Chambliss, Bahner & Stophel, P.C.
605 Chestnut Street, Suite 1700
Chattanooga, TN 37450

Re:     *PASTABILITIES DAILY*

Dear Alicia:

I am in receipt of your email dated January 7, 2014 whereby you advise that our client is in violation of the 2010 Coexistence/Consent Agreement ("the Agreement") and request that they cease using their registered mark PASTABILITIES DAILY® in connection with online sales. We have looked into the matter and determined that there is no likelihood of confusion between the marks to warrant any changes to the Agreement.

As we concluded during our initial review of THE WORLD IS FULL OF PASTABILITIES®, there is no likelihood that a consumer will be confused about the source of goods sold under your client's mark and the source of goods sold under my client's PASTABILITIES DAILY trademark. Among other distinctions, the word PASTABILITIES in each mark is accompanied by additional terminology that produces substantially different connotations in the mind of the consumer. Further, there has not been a single instance of actual confusion between these marks during the time that the two marks have existed or been sold online.

A strict reading of Section 1 of the Agreement, as you have proposed, does little to protect your client. There is no distinction between sales of Pastabilities Daily Spicy Hot Tomato Oil® sold and shipped from my client's PASTABILITIES® restaurant and sales of the very same goods shipped from my client's warehouse a block away. Indeed, the <PASTABILITIES.COM> website was active at the time of the Agreement, and anyone was free to see the website, call the restaurant, and order goods that could be sold and shipped from the restaurant. This all falls under Section 1 of the Agreement. It is absurd to conclude that there is any distinction between goods sold and shipped from the restaurant rather than the warehouse. Both the Pastabilities website and the labels of the Pastabilities Daily Spicy Hot Tomato Oil® sold online clearly associate the product with the restaurant located in New York, as shown in this image from the labels:



61850.1

As we interpret your communication and the Agreement, your consent under Section 1 to our client's use and registration of the PASTABILITIES DAILY® trademark is presumably "withdrawn." Since there is no likelihood of confusion between our mark and your client's mark, and no known instance of actual confusion, your client has not suffered any damages whatsoever. Thus, it seems your client's only recourse is a cancellation proceeding. This would be unsuccessful due to the fact that there is no likelihood of confusion between the marks, and because your client consented to the mark and goods being put into commerce.

Disturbingly, during our investigation of this matter, we discovered that your client intentionally violated the Agreement itself. Specifically, your client failed to consult with Noodle, Inc. in good faith regarding the rebranding of THE WORLD IS FULL OF PASTABILITIES® trademark, which is a violation of Section 2 of the Agreement.

At the time the Agreement was executed in 2010, your client's pasta packaging looked like the following (with themed variations):



Source: <https://pastashoppe.com/product.php?id=43&&c=2#!prettyPhoto[Pasta Shoppe]/0/>.

However, in the time since the Agreement was executed, your client has redesigned their pasta packaging **solely** to emphasize the word "PASTABILITIES," as shown in the following image taken in January 2014:

2261850.1



This redesign is a clear violation of Section 2 of the Agreement, as your client agreed to cooperate and consult with my client in good faith in order to insure that there was no likelihood of confusion between the respective marks.

While we firmly believe that there is no likelihood of confusion between the PASTABILITIES DAILY® and PASTABILITIES DAILY SPICY HOT TOMATO OIL® marks and THE WORLD IS FULL OF PASTABILITIES® mark, and we are not aware of any instance of actual confusion between these marks, it appears that your client is intentionally emphasizing the word PASTABILITIES and intentionally de-emphasizing the phrase "the world is full of" on its packaging, to create a potential likelihood of confusion. Indeed, even the font of your client's packaging was altered in order to resemble my client's branded image:





Your client's packaging                              My client's restaurant website

2261850.1

As shown from the specimens submitted by your client to the USPTO on November 21, 2008, your client's new packaging is very different from the formerly italicized and even-sized font:



Accordingly, we consider the Agreement between the parties to have been breached by your client.

We believe your client overreacted to the sale of goods, and that there is no need for any changes in their relationship, especially since your client has unclean hands.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

BOND, SCHOENECK & KING, PLLC

Philip I. Frankel
PIF/btb

cc:    Noodle, Inc.

2261850.1